# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR06-0162 |
| vs. | **ORDER** |
| CONNIE FRANCES BLACKCLOUD, | |
| Defendant. | |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 18, 2006, at which the defendant was present and represented by Assistant Federal Public Defender Casey D. Jones. The government was represented by Assistant United States Attorney Ian Thornhill. The government's motion for detention is granted.

The defendant is charged with an assault within the Indian Country, on the Sac and Fox Tribe of the Mississippi in Iowa Meskwaki Settlement. According to the government, the assault involved beating, the penetration of the victim's vagina with a physical object, cigarette burns to her pubic and other areas for the purpose of abuse, humiliation, harassment and degradement, and to arouse and gratify sexual desires. Accordingly, the offense is violent and sadistic. Further, the alleged victim was not able to defend herself. She is a diabetic, was drinking heavily, and was rendered unconscious by either that combination or that combination and the assault.

The defendant has never been married and has no children. She assists her sister in caring for her sister's handicapped children. She graduated from high school and is not employed outside the home. She receives a monthly stipend from the Meskwaki Indian Tribe.

1

The defendant has been convicted of approximately twelve alcohol-related offenses in the past fourteen years. Thus, alcohol appears to be a long-standing serious problem for this defendant.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature

2

and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In this case, the nature of the offense and the victim together with the fact that the defendant admitted her involvement in this assault cause her to be detained. The significance of alcohol in this offense together with the defendant's life-long problem with alcohol contributes to a finding that there are no conditions or combination of conditions that will reasonably assure the safety of the community if the defendant is released.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 18, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT