IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CONNIE FRANCES BLACKCLOUD, <br><br> Defendant, <br><br> and <br><br> MESKWAKI TRIBAL COUNSEL [sic], <br><br> Garnishee. | No. CR 06-0162 <br><br> ORDER REGARDING GARNISHMENT |

On the 17th day of December 2008, this matter came on for hearing on the Objections to Garnishment (docket number 169) filed by Defendant Connie Blackcloud *pro se* on October 27, 2008. The Government was represented by Assistant United States Attorney Martin J. McLaughlin. The Defendant appeared telephonically and was represented by her attorneys, Alfredo Parrish and Eric Parrish.

## *RELEVANT FACTS*

On April 25, 2008, Defendant Connie Frances Blackcloud was sentenced to a term of imprisonment of 262 months on the charge of engaging in and attempting to engage in sexual abuse. *See* Judgment (docket number 140). In addition, Defendant was ordered to pay a $17,500 fine, $6,066.75 in victim restitution, and a $100 special assessment. (The special assessment was paid prior to the sentencing.) The victim restitution was a joint and several obligation of Defendant and her co-Defendant, LaMont William Papakee.

1

On application of the Government, the Clerk of Court issued a Writ of Continuing Garnishment (docket number 166) on September 11, 2008 directed to the Meskwaki Tribal Council. At the instant hearing, Mr. McLaughlin stated that $500 was received from the Meskwaki Tribal Council on October 24, 2008, and $125 was received from the Tribal Council on November 24, 2008. In addition, Mr. McLaughlin confirmed that $25 was received directly from Defendant on September 12, 2008. Pursuant to statute, these amounts were all applied to the victim restitution ordered by the Court. On December 1, 2008, co-Defendant Papakee paid the balance of the victim restitution in full. That is, Defendant's only remaining financial liability in this case is the $17,500 fine.[1]

Defendant told the Court that she is a member of the Meskwaki Tribe and, therefore, she is entitled to a monthly stipend. According to Defendant, the monthly allowance had been $1,800, but it was recently reduced to $500 per month. Defendant believes that the November payment of $125 was taken from her monthly stipend and the balance is being held by the Tribe in an account for her benefit. Defendant told the Court that when she needed additional cash in prison, she would request that money be forwarded. Mr. McLaughlin advised the Court, however, that the garnishment is intended to collect 100% of any amount which the Tribe may owe Defendant. That is, Mr. McLaughlin believes that either the stipend was reduced to $125 in November, or the Tribe did not comply with the writ of garnishment.

According to Defendant, an additional $73 is deducted from her prison account each month. Defendant told the Court that if her prison earnings were insufficient to cover that amount, then the difference was taken from her "lock box." Defendant believed that the amounts withheld were to be applied toward her financial obligation with the Court. Mr. McLaughlin stated, however, that no payments have been received from the prison.

---

[1] In a Supplement (docket number 178) filed following the hearing, Mr. McLaughlin reported an additional $125 was received on December 22, 20087. Presumably, this amount was applied toward the fine.

2

## DISCUSSION

The fine and victim restitution ordered to be paid by Defendant totaled $23,566.75. The judgment entered by Chief Judge Reade on April 28, 2008 provided, in part, as follows:

> In the event the Defendant does not immediately pay the $23,566.75 as ordered by the Court, the government may begin lawful collection procedures immediately, including while incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to the defendant through institution or non-institution (community) resources and shall be at least $25 per quarter.

*See* Judgment in a Criminal Case (docket number 140) at 6.

Thus, the Government was authorized to immediately begin "lawful collection procedures" in an effort to collect the amount owed. "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). A judgment imposing a fine "may be enforced against all property or rights to property of the person fined," except for certain enumerated exemptions. *See Id.* None of the exemptions appear to be applicable in this case and Defendant has not provided any legal authority which would suggest that payments by the Tribe are not subject to garnishment.[2]

Title 28 United States Code Section 3205(a) provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." The Court concludes that a writ of garnishment was properly issued in this case against Defendant's right to receive monthly payments from the Meskwaki Tribal Council.

---

[2] At the time of hearing, the Court gave both sides until December 24, 2008 to submit legal authority. None was received from Defendant.

This payment is properly collected in addition to any prison earnings intercepted as part of the Bureau of Prison's Financial Responsibility Program. Accordingly, the Court finds that Defendant's objection to the writ of garnishment should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Objections to Garnishment (docket number 169) filed by Defendant Connie Blackcloud *pro se* on October 27, 2008 is hereby **DENIED**.

DATED this 30th day of December, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA